UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK           For Online Publication Only
------------------------------------------------------------------------X
EDWARD JORDAN and KELLY JORDAN,

                             Plaintiffs,

     v.-
                                          **ORDER**
                                          13-cv-6863 (JMA) (SIL)

TUCKER, ALBIN AND ASSOCIATES, INCORPORATED, KENNY OLTMANNS a/k/a JIM WILSON, RMS INDUSTRIES, INC., RELIANCE MECHANICAL SERVICES, INC., SPEEDY LIEN, INC., and MARK NASH,

                             Defendants.
------------------------------------------------------------------------X

**APPEARANCES:**

    Joseph Mauro
    The Law Office of Joseph Mauro, LLC
    306 McCall Avenue
    West Islip, NY 11795

    Peter Francis Barry
    Barry & Helwig, LLC
    2701 University Ave SE, #209
    Minneapolis, MN 55414
        *Attorneys for Plaintiffs*

    Aaron R Easley
    Sessions Fishman Nathan & Israel LLC
    3 Cross Creek Drive
    Flemington, NJ 08822
        *Attorneys for Defendants/Cross-Claimants/Cross-Defendants Tucker Albin
        and Associates, Incorporated, and Kenny Oltmanns a/k/a Jim Wilson*

    Margot Lee Ludlam
    Baxter Smith & Shapiro
    99 North Broadway
    Hicksville, NY 11801

**FILED
CLERK**

03/31/2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

James F. Hagney
James F. Hagney, Esq., P.C.
55 Elm Street
Huntington, NY 11743

Kevin John Stimpfl
Baxter, Smith & Shapiro
99 North Broadway
Hauppauge, NY 11788
  *Attorneys for Defendants/Cross-Claimants/Cross-Defendants RMS Industries, Inc., and Reliance Mechanical Services, Inc.*

Meng Cheng
40-17 22nd Street, Unit #2
Long Island City, NY 11101

Stuart S. Zisholtz
Zisholtz & Zisholtz
170 Old Country Road
Mineola, NY 11501
  *Attorneys for Defendants/Cross-Claimants/Cross-Defendants Speedy Lien, Inc. and Mark Nash*

**AZRACK, United States District Judge:**

Before the Court are a number of motions for summary judgment and to dismiss for lack of subject matter jurisdiction. In this Order, the Court describes its holdings with respect to each of the pending motions. A full Memorandum and Order will follow.

First, defendants Speedy Lien, Inc., and Mark Nash (together, the "Speedy Lien defendants") have moved for summary judgment on all claims against them. (Speedy Lien Motion, ECF No. 112.) If the Court grants the Speedy Lien defendant's motion for summary judgment on the claims brought under the Fair Debt Collection Practices Act (the "FDCPA"), the Speedy Lien defendants also move to dismiss the remaining state law claims for lack of subject matter jurisdiction. (Id.)

The Court grants the Speedy Lien defendants' motion for summary judgment with respect to plaintiff's FDCPA claims. The Court also grants the Speedy Lien defendants' motion for

summary judgment with respect to plaintiffs' claims under New York General Business Law ("GBL") § 349, as well as on plaintiffs' claims for conversion, defamation, and abuse of process. The Speedy Lien defendants' motion for summary judgment on the remaining claims is denied. The Court also denies the Speedy Lien defendants' motion to dismiss for lack of subject matter jurisdiction because the Court retains supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a).

Second, defendants RMS Industries, Inc. and Reliance Mechanical Services, Inc. (together, the "RMS defendants") have moved both to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and for summary judgement on all of plaintiffs' claims. (RMS Motion, ECF No. 117.)

The Court grants the RMS defendants' motion for summary judgment on plaintiffs' GBL § 349 claims, as well as on plaintiffs' claims for conversion, defamation, and abuse of process. The Court denies the RMS defendants' motion to dismiss for lack of subject matter jurisdiction because the Court retains supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a).

Third, defendants Tucker Albin and Associates, Incorporated ("Tucker Albin") and Kenny Oltmanns (together, the "Tucker Albin defendants") have moved for partial summary judgment. (Tucker Albin Motion, ECF No. 134.) Although Tucker Albin concedes that it is liable for the FDCPA claim against it, it argues that plaintiffs are entitled only to statutory damages and not to any damages stemming from alleged emotional distress. (Tucker Albin Mem. at 3; ECF No. 134-1.) The Tucker Albin defendants have also moved for summary judgement on the FDCPA claims against Oltmanns in his individual capacity. (Tucker Albin Mem. at 16.) Both Tucker Albin defendants have moved for summary judgment on all of plaintiffs' remaining claims. (Id.)

The Court grants the Tucker Albin defendants' motion for summary judgment on the

GBL § 349 claim, as well as on the claims for conversion, defamation, and abuse of process. The Court denies the remainder of the Tucker Albin defendants' motion. In particular, the Court finds the Tucker Albin defendants are not entitled to summary judgment on the issue of damages stemming from their admitted violations of the FDCPA and, further, that Oltmanns may be held jointly and severally liable for the admitted FDCPA violations.

Fourth, plaintiffs have moved for partial summary judgement (a) against the Tucker Albin defendants on their GBL § 349 and defamation claims and (b) against the Speedy Lien defendants on their FDCPA and GBL § 349 claims. (Pl's Tucker Albin Motion, ECF No. 129; Pl's Speedy Lien Motion, ECF No. 137-1.) Plaintiffs have not moved for summary judgment against the RMS defendants.

As noted above, the Court has granted the Tucker Albin defendants' motion for summary judgment on the GBL § 349 and defamation claims. The Court has also granted the Speedy Lien defendants' motion for summary judgement on the FDCPA on the GBL § 349 claims. As such, plaintiffs' motion for partial summary judgment is denied in full.

## CONCLUSION

As described above, (1) the Speedy Lien defendants' motion for summary judgment is granted in part and denied in part, and their motion to dismiss for lack of subject matter jurisdiction is denied (ECF No. 112); (2) the RMS defendants' motion for summary judgment is granted in part and denied in part, and their motion to dismiss for lack of subject matter jurisdiction is denied (ECF No. 117); (3) the Tucker Albin defendants' motion for summary is granted in part and denied in part (ECF No. 134); and (4) plaintiffs' motions for summary judgment are denied (ECF No. 129, 137). A full Memorandum and Order will follow.

A pre-trial conference is scheduled for April 27, 2017, at 3:00 PM in Courtroom 920 of the Long Island Courthouse.

**SO ORDERED.**

Date: March 31, 2017
Central Islip, New York

                           \_\_\_\_\_/s/ (JMA)_____
                           Joan M. Azrack
                           United States District Judge