UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDWARD JORDAN and KELLY JORDAN,

                              Plaintiffs,                      **MEMORANDUM AND**
   -against-                                                    **ORDER**
                                                                           13-CV-6863-SIL

TUCKER, ALBIN AND ASSOCIATES,
INCORPORATED, KENNY OLTMANNS a/k/a
JIM WILSON, RMS INDUSTRIES, INC.,
RELIANCE MECHANICAL SERVICES, INC.,
SPEEDY LIEN, INC., and MARK NASH,

                              Defendants.
-----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court is Plaintiffs' Edward Jordan and Kelly Jordan ("Plaintiffs" or the "Jordans") motion for reconsideration of the Memorandum and Order issued by the Honorable Joan M. Azrack granting summary judgment as to Plaintiff's Fair Debt Collection Practices Act ("FDCPA" or "the Act") claims in favor of Defendants Speedy Lien, Inc. ("Speedy Lien") and Mark Nash ("Nash") (together the "Speedy Lien Defendants").[1] *See* Docket Entry ("DE") [161]. For the reasons below, the motion is denied.

I. **Relevant Background**

The Court summarizes facts relevant only to Plaintiffs' motion for reconsideration.[2] This case arises from disputes over unpaid repairs to Plaintiffs' home and the purportedly unlawful collection attempts that followed. *See generally*

---

[1] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* DE [158].
[2] For additional background see *Jordan v. Tucker, Albin & Assocs., Inc.*, No. 13-cv-6863, 2017 WL 2223918, at *1 (E.D.N.Y. May 19, 2017).

1

Compl. The Jordans allege that, among other claims, Speedy Lien, which filed a mechanic's lien against the Plaintiffs' residence for Defendant RMS Industries, Inc. ("RMS"), violated the FDCPA. *See id.*

The Jordans are a married couple who own a home in Islip, New York, which was damaged during Hurricane Sandy. *See Jordan*, 2017 WL 2223918, at *1. They hired a general contractor to repair the damage, and the general contractor retained RMS to provide mechanical contracting work on the home. *See id.* at *2. RMS allegedly performed but was not paid for the work. *See id.* Peter Montana, an employee of RMS, then began to place calls to Plaintiffs about the delinquency and eventually sent a letter indicating that if the debt was not satisfied a lien would be placed on their property. *See id.*

At some point after this letter, Montana called Nash, the owner of Speedy Lien, requesting that the company put a mechanic's lien on Plaintiffs' home. *See id.* Nash instructed Montana to visit Speedy Lien's website, input the necessary information into an online form, and pay Speedy Lien, which Montana subsequently did. *See id.* at *3. Speedy Lien then filed the mechanic's lien with the Suffolk County Clerk but failed to effectuate service of the lien as required under the New York State Lien Law. *See id.* As a result, Plaintiffs never received any communication or notification from Speedy Lien about the mechanic's lien. *See id.*

Based on the above, the Jordans commenced the instant action against, among others, the Speedy Lien Defendants alleging violations of the FDCPA and various state laws. After the close of discovery, the Speedy Lien Defendants moved for

summary judgment. In a Memorandum and Order dated March 31, 2017, the Honorable Joan M. Azrack dismissed all FDCPA claims as to them. *See Jordan*, 2017 WL 2223918, at *1; *see also* DE [153].

In so doing, Judge Azrack ruled that the filing of a mechanic's lien on behalf of a creditor does not, without more, constitute an activity that may qualify the filer as a "debt collector" under the FDCPA. *See id.* at *7. The Court concluded that a company, such as Speedy Lien, which files mechanic's liens on behalf of creditors, "is not engaged in business 'the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.'" *See id.* (citing *Mladenovich v. Cannonite*, No. 97-cv-4729, 1998 WL 42281, at *3 (N.D. Ill. Jan 30, 1998) (holding that the filing of mechanic's lien notices did not constitute "debt collections covered by the FDCPA")). Instead, Judge Azrack noted that "the filing of mechanic's liens is, at most, an auxiliary activity related to the existence of an unpaid debt." *See id.* at *8. The Court also concluded that, even if the Speedy Lien Defendants were debt collectors, it is undisputed that they never communicated with Plaintiffs. *See id.* Thus, regardless of their status as debt collectors, the Speedy Lien Defendants never engaged in any "collection activity" that could support an FDCPA claim. *See id.*

Approximately seven months after the Memorandum and Order, Plaintiffs filed the instant motion for reconsideration. *See* DE [161].

3

II.  **Legal Standards**

A. Standard for Motion for Reconsideration

Courts may reconsider an interlocutory order at any time before entry of final judgment. See, e.g., *Bonano v. Doe*, 628 Fed. Appx. 25, 27 (2d Cir. 2015) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The decision to grant or deny a motion for reconsideration lies within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999).

An "interlocutory order 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 Civ. 10254, 2009 WL 4667102 at *3 (S.D.N.Y. Dec. 9, 2009) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotations omitted)). "The standard for a motion for reconsideration is demanding and should be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *Henry v. Alliance for Health, Inc.*, No. 05-CV-1264, 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002)); *see also Hunt v. Enzo Biochem, Inc.*, No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("A motion for reconsideration is not . . . a second bite at the apple for a party dissatisfied with a court's ruling.") (internal quotation omitted).

B. Fair Debt Collection Practices Act

The FDCPA prohibits deceptive practices by debt collectors. *Llewellyn v. Asset Acceptance, LLC*, No. 15-cv-3681, 2016 WL 5944723, at *1 (2d Cir. Oct. 13, 2016). To establish a claim under the FDCPA, a plaintiff must show that: (1) the plaintiff is a "consumer" under the Act; (2) the defendant is a "debt collector;" and (3) the defendant must have engaged in conduct violating the statute. *Katz v. Sharinn & Lipshie, PC*, 12–CV–2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sept. 11, 2013). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

III. **Discussion**

Plaintiffs argue that reconsideration is warranted because of an intervening change in controlling law based on the Second Circuit's decisions in *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. 2017) and *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018) as well as the Minnesota Court of Appeals decision in *Randall v. Paul*, 897 N.W.2d 842 (Minn. Ct. App. 2017). Plaintiffs argue that the preceding trio of cases make it clear that the Speedy Defendants

5

actions, in filing a mechanic's lien on behalf of a creditor, constitute action subject to the FDCPA.[3] *See* Motion for Reconsideration, DE [161], at 3. The Court disagrees.[4]

Significantly, the above cited cases involve defendants who admittedly acted as debt collectors under the FDCPA. In *Arias*, a law firm—working as a debt collector on behalf of a creditor—purportedly made a false and misleading representation during a related litigation proceeding while seeking to collect a debt. 875 F.3d at 137. In *Cohen*, another law firm—once again working as a debt collector on behalf of a creditor—commenced a state court foreclosure proceeding allegedly misrepresenting the identity of the creditor. 897 F.3d at 85. Finally, in *Randall*, an attorney—acting as a debt collector—served two mechanic's liens statements without information required by the FDCPA. 897 N.W.2d at 848.

These cases each involve the direct actions of debt collectors providing false or misleading representations to consumers about an outstanding debt. As a result, the cited cases fail to reach the issue presented here, namely whether a company which files mechanic's liens on behalf of a creditor, without more, is a debt collector under the statute. As a result, Plaintiffs have failed to raise a legitimate basis to disturb Judge Azrack's decision that the Speedy Lien Defendants are entitled to summary

---

[3] The Speedy Lien Defendants request that the Court reject Plaintiffs' additional submissions about the Second Circuit's decision in *Cohen* and disregard Plaintiffs' reply filed in violation of the Court's Individual Rules. *See* DE [168], [169]. A court may consider documents filed in violation of procedural rules however, *see Ruggiero v. Warner–Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005), and here, the Speedy Lien Defendants had the opportunity to and did respond to these submissions. The Court therefore considers both for the instant Memorandum and Order.

[4] While not addressed by the parties, the Court notes as a preliminary matter that it has the constitutional authority to review Judge Azrack's decision. *See Abreu v. Verizon of New York, Inc.*, No. 15-cv-58, 2018 WL 1401326, at *3 (E.D.N.Y. Mar. 20, 2018) (discussing a magistrate judge's authority under 28 U.S.C. § 636(c) to review a district judge's decision on a dispositive motion after the case has been referred to the magistrate judge for all purposes).

judgment as to Plaintiffs' FDCPA claims because they are not "debt collectors" within the meaning of the statute. Accordingly, there is no violation. Thus, Plaintiffs fail to establish an intervening change in controlling law sufficient to warrant reconsideration and the motion is denied.

IV. **Conclusion**

For the reasons set forth above, the Court denies Plaintiffs' motion for reconsideration.

Dated: Central Islip, New York
September 6, 2018

**SO ORDERED**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge